UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. _____ |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM J. KILLORIN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**PETITION FOR JUDICIAL APPROVAL
OF LEVY UPON PRINCIPAL RESIDENCE**

The United States of America petitions the Court for an order approving an administrative levy by the Internal Revenue Service upon the residence of taxpayer William J. Killorin ("Killorin") to satisfy his unpaid income tax liabilities for tax years 2003, 2004 and 2005.  In support of this petition, the United States submits the accompanying declaration of Revenue Officer Michael Holman and avers the following:

1. This proceeding is brought at the direction of the Attorney General of the United States and at the request and with the consent of the Chief Counsel of the Internal Revenue Service.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1340 and 26 U.S.C. § 6334(e)(1) and 7402(a).

3. 26 U.S.C. § 6331 authorizes the Internal Revenue Service to levy upon all property or rights to property of a taxpayer in order to collect an unpaid tax liability.

26 U.S.C. § 6334, as is pertinent here, exempts from administrative levy by the Internal Revenue Service property used as a principal residence of the taxpayer, unless such levy is to satisfy a liability that exceeds $5,000 and is approved, in writing, by a United States District Court Judge or Magistrate Judge. *See* 26 U.S.C. §§ 6334(a)(13)(B) & 6334(e)(1).

4. To obtain approval from the Court, the United States must demonstrate that:

    a. the liability is owed;

    b. the requirements of any applicable law or administrative procedure relevant to the levy have been met; and,

    c. no reasonable alternative for the collection of the taxpayer's debts exists.[1]

5. By this petition, the United States seeks approval for the Internal Revenue Service to levy upon Killorin's interest in the real property located at 3308 SW 15th Street, Fort Lauderdale, Florida 33312 (the "subject property") and described more fully as:

> LOT 3, BLOCK 30, RIVERLAND VILLAGE, SECTION ONE, ACCORDING TO THE PLAT THEREOF, RECORDED IN PLAT BOOK 27, PAGE 44 OF THE PUBLIC RECORDS OF BROWARD COUNTY, FLORIDA

6. The subject property is Killorin's principal residence and is within the jurisdiction of this Court.

7. On the dates and in the amounts set forth below, a delegate of the Secretary of the Treasury made assessments against Killorin for unpaid federal income taxes, penalties, and interest for the tax years 2003, 2004 and 2005 as follows:

---

[1] The only decisional guidelines provided by Congress are contained in the legislative history of sections 3401 and 3455 of the Internal Revenue Service Restructuring and Reform Act of 1988. *See* H. Conf. Rep. 105-599, 105th Cong., 2d Sess. 267. The legislative history also provides that, before seizing a principal residence, the Internal Revenue Service is to "exhaust all other payment options," including installment agreements, offers-in-compromise, and the seizure of other assets of the taxpayer. S. Rep. 105-174, 105th Cong., 2d Sess. 86-87.

| Tax Period | Assessment Date | Tax | Penalty * | Penalty** | Penalty*** | Interest |
|---|---|---|---|---|---|---|
| 2003 | 2/6/2006 | 24,101.76 | 621.90 | 5,421.32 | 2,650.42 | 3,109.08 |
| 2003 | 12/25/2006 | | | | 2,409.48 | |
| 2003 | 12/1/2008 | | | | 963.79 | |
| 2004 | 4/23/2007 | 51,509.00 | 1,493.52 | 11,578.05 | 6,432.25 | 9,840.05 |
| 2004 | 12/1/2008 | | | | 6,432.25 | |
| 2005 | 8/31/2009 | 794.00 | | 172.80 | 157.44 | 236.14 |

* Estimated tax penalty
** Late filing penalty
*** Failure to pay tax penalty

8.   The assessments for tax years 2003 and 2004 were determined by the Internal Revenue Service in accordance with 26 U.S.C. § 6020(b) due to Killorin's failure to file federal income tax returns for those tax years.  The assessments for tax year 2005 were self-reported.

9.   Notice of the assessments described above, and demand for payment thereof, were duly made to Killorin as provided for by law.  Despite notice and demand for payment, Killorin failed to pay in full the foregoing assessed liabilities and remains indebted to the United States.  As of October 1, 2010, taking into account all payments and credits since the assessment dates, Killorin owes $147,495.36 on account of his federal income tax liabilities for tax years 2003, 2004 and 2005, plus interest, penalties, and all statutory additions thereafter, as provided by law.

10. In seeking to collect the tax liabilities described in paragraph 7 above, the Internal Revenue Service has followed all requirements of applicable law and administrative procedure relevant to the levy on the subject property.

11. The Internal Revenue Service has attempted to satisfy Killorin's unpaid liability described above from assets other than the subject property; however, Killorin has refused to cooperate with the Service's collection efforts and no reasonable alternative exists to satisfy his liabilities.

WHEREFORE, the United States prays that:

A. The Court enter the attached order to show cause; and

B. If no written objection to this petition is filed with the Clerk of the Court within 25 days from the date of service of the order to show cause, the Court enter an order approving the administrative levy on the subject property, to be executed by any authorized officer of the Internal Revenue Service; and

C. If a written objection to the petition is filed with the Clerk of the Court, that the Court set a hearing date for this matter, at which the objections raised shall be considered and after which the Court may enter a further order approving the administrative levy on the subject property, to be executed by any authorized officer of the Internal Revenue Service.

Respectfully submitted,

JOHN A. DICICCO
Acting United States Attorney

By:    */s/ Pascale Guerrier*_____
Pascale Guerrier
Trial Attorney, Tax Division
U.S. Department of Justice
555 4th Street, N.W., Room 6214
Washington, D.C.  20001
Telephone:  (202) 353-1978
Telecopier:  (202) 514-4963
E-mail:Pascale.Guerrier@usdoj.gov

Of Counsel:

WILFREDO FERRER
United States Attorney
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Telephone: (305) 961-9000
Telecopier: (305) 530-7087