UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 10-61840-CIV |
| ) | HUCK/O'SULLIVAN |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | |
| WILLIAM J. KILLORIN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

### UNITED STATES' RESPONSE TO MOTION FOR REHEARING AND TO VACATE THE ORDER APPROVING LEVY

The United States files this response to Respondent William J. Killorin's Motion for Rehearing and to Vacate the Order Approving Levy. [1]

### INTRODUCTION

In its Notice and Order to Show Cause, the Court invited the respondent to file an objection to the United States' Petition, and advised the respondent that his written objection should show that (a) the tax liabilities at issue have been satisfied; (b) there are other assets from which the unpaid tax liability can be satisfied; or (c) applicable law or administrative procedures relevant to the levy were not followed by the IRS. [DE-3].

---

[1] On October 1, 2010, the United States filed a Petition for Judicial Approval for Levy Upon Principal Residence belonging to Petitioner, William J. Killorin (the "Petition") to satisfy his unpaid income tax liabilities for tax years 2003 through 2005. Killorin failed to file an Objection to Petition or any other objection by the time required by the Court's Notice and Order to Show Cause [DE-3] and the Court entered an Order Approving Levy on November 12, 2001. [DE-7 ].  Killorin, who proceeds *pro se*, filed an Objection to the government's petition on that same day, after the Court had entered its Order Approving Levy. The Court construed Killorin's Objection as a Motion for Rehearing and to Vacate the Order Approving Levy, and instructed the United States to respond by November 23, 2010. [DE-9].

None of these factors are addressed in Killorin's belated "Objections to Petition." Instead, Killorin's objection challenges the federal government's power to tax him based upon his own reading of federal law and statutes and include a myriad of frivolous tax protestor charges that are irrelevant to these proceedings. Specifically, Killorin contends that the assessments against him are "illegal" and "void," do not conform to "Supreme Court case law precedent on statutory construction," that IRS records in support of these assessments are inaccurate and fabricated, and accuses the federal employees responsible for collecting his unpaid taxes with extortion and "willful oppression." Materially, Killorin does not claim that his liabilities have been satisfied or that the IRS did not follow applicable law and administrative procedures governing the levy at issue. Nor does Killorin demonstrate there are other assets from which his unpaid taxes can be satisfied as required by the Court's Notice and Order to Show Cause and applicable law. Accordingly, Killorin has failed to establish a basis for overturning the Court's Order Approving Levy.

## ARGUMENT

The Internal Revenue Code (the "Code") expressly provides that the government is authorized to levy taxpayers' principal residences to satisfy unpaid tax obligations, so long as the levy is approved in writing by a United States District Judge or Magistrate Judge. *See* 26 U.S.C. § 6334(e); 26 C.F.R. § 301.6334-1(d)(1); *United States v. DelVecchio*, 2010 U.S. Dist. LEXIS 71757 (S.D. Fla. 2010). In such cases, a levy may be approved if (1) the underlying liability exceeds $5,000; (2) the underlying liability has not been satisfied; (3) the taxpayer has no other assets from which the liability can be

satisfied; and (4) the Internal Revenue Service ("IRS") followed the applicable laws or procedures pertaining to the levy. *Id*. The taxpayer is not entitled to a hearing unless a timely-filed objection raises "a genuine issue of material fact demonstrating that" the above factors have not been met. *Id*. Finally, "[t]he taxpayer is not permitted to challenge the merits underlying the tax liability in the proceeding." *DelVecchio, supra, quoting* 26 C.F.R. § 301.6334-1(d)(2). That is exactly what Killorin seeks to do here. Consequently, he has failed to demonstrate grounds that would warrant a reversal of the Court's Order Approving Levy.

### A. Killorin has failed to raise a proper objection as directed in the Order to Show Cause

Killorin's objection does not address any legitimate grounds to contest the United States' petition. Indeed, his objection contains nothing but frivolous tax protester charges which lack merit and are irrelevant here, such as the statutory and/or legal definition of the terms "employee," "employment," "State," "United States" and "Citizen," and the application of those definitions to him in connection with the assessments. He also challenges the federal government's right to make these assessments against him and levy upon his property based upon his own understanding of various cases, statutes and the United States Constitution (all which demonstrate a blatant misreading of federal statutes and constitutional provisions), and accuses the IRS of willful oppression, extortion and acting under "color of law." Similarly, Killorin's requests for relief are all patently frivolous, including that the Court remand IRS officers to the authorities for prosecution based upon alleged felonies committed in connection with the assessments. None of Killorin's contentions have any basis in law. *See, e.g., United States v. Morse*,

532 F.3d 1130, 1132-33 (11th Cir. 2008); *Motes v. United States*, 785 F.2d 928 (11th Cir. 1986).

By contrast, the United States' petition is fully supported by the sworn declaration of Revenue Officer Holman and Form 4340 Certificates of Assessments, Payments and Other Specified Matters[2] for the tax years at issue which show that income taxes, penalties and interest were properly assessed against Killorin, that the outstanding tax liabilities exceed $5,000 and that notice of the assessments and demand for payment were duly made as provided by law. (*See* Doc. 1-3). The declaration also shows that the government followed the requirements of applicable law and administrative procedures relevant to a levy upon the subject property and has made diligent attempts to satisfy Killorin's tax liabilities from assets other than the subject property without success. (*Id.*). Killorin objections do not demonstrate that he has paid the outstanding tax liabilities, identify alternatives for their collection or show that the IRS failed to follow applicable law and proper procedures for an IRS levy. Therefore, none of the issues raised in his objection are material to the outcome of this case and the Court should again approve the levy on Killorin's residence.

**B. Killorin cannot challenge the merits underlying his tax liabilities in this proceeding**

Even if Killorin, *arguendo*, did raise a legitimate issue concerning the tax liabilities precipitating the subject levy - his objections, of course, fail miserably in that regard- it would be outside the scope of this proceeding. *See* 26 C.F.R. § 301.6334-

---

[2] IRS Form 4340 Certificates of Assessments, Payment and Other Specified Matters provide presumptive proof that a tax has been validly assessed and that the IRS effectuated proper notice and Demand on Killorin. *See United States v. Chila*, 871 F.2d 1015, 1019 (11th Cir. ), *cert denied*, 493 U.S. 975 (1989).

1(d)(2).  As noted above, the scope of these proceedings is limited.  While Killorin admits that he "deliberately omitted listing his pay" from various entities for the relevant periods because of his personal interpretation of federal law, he mainly challenges the validity of the tax assessments and the sufficiency of the evidence to support them by claiming that the assessments are inaccurate and fabricated because they omit certain credits and receipts, among other claims.  However, the federal regulation applicable to proceedings in which the government seeks judicial approval to levy on a taxpayer's personal residence do not permit taxpayers to challenge their liability - only that the liability has been paid or can be satisfied from other assets.  *See* 26 U.S.C. § 6334(a)(13), (e); 26 C.F.R. § 301.6334-1.  *DelVecchio*, 2010 U.S. Dist. LEXIS 71757; *In re Atkinson*, 2009 U.S. Dist. LEXIS 52407 (M.D. Fla. 2009).  Accordingly, the matters Killorin addresses in his objection are irrelevant.

## CONCLUSION

Killorin has failed to demonstrate any of the grounds set forth in the Court's Order directing him to show cause why the Court should not issue an order allowing the IRS to levy upon the real property at issue.  Accordingly, the Court's Order Approving Levy should stand.

        Respectfully submitted,

        JOHN A. DICICCO
        Acting United States Attorney

By:   */s/ Pascale Guerrier*_____
      Pascale Guerrier
      Trial Attorney, Tax Division
      U.S. Department of Justice

555 4th Street, N.W., Room 6214
Washington, D.C. 20001
Telephone: (202) 353-1978
Telecopier: (202) 514-4963
E-mail:Pascale.Guerrier@usdoj.gov

Of Counsel:

WILFREDO FERRER
United States Attorney
Southern District of Florida
99 NE 4th Street
Miami, FL 33132
Telephone: (305) 961-9000
Telecopier: (305) 530-7087

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 19, 2010, a true and correct copy of the foregoing was filed electronically through the Court's ECF filing system, and was served upon the respondent via U.S. mail:

William J. Killorin
3308 SW 15th Street
Fort Lauderdale, FL 33312

By:   __/s/Pascale Guerrier
           Pascale Guerrier